IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| INGHAM DEFREITAS, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-12-2893 |
| MONTGOMERY COUNTY, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This Memorandum Opinion addresses Defendants Montgomery County and Officer Kurt Colson's Motion to Dismiss for Insufficient Service, ECF No. 7, and Memorandum in Support, ECF No. 7-1; Plaintiff Ingham Defreitas's Opposition, ECF No. 10; and Defendants' Reply, ECF No. 11.[1] A hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated herein, Defendants' Motion is GRANTED.

### I.   BACKGROUND

Plaintiff brought suit in this Court, alleging that on September 28, 2009, Officer Colson, responding to a 911 call, ordered Plaintiff to "get out of the car asshole" and to take his hands out of his pockets, while "screaming and cursing at Mr. Defreitas." Compl. ¶¶ 5–11, ECF No. 1. When Officer Colson attempted to handcuff Plaintiff, Plaintiff "[f]ear[ed] for his safety because of Officer Colson's belligerence" and "turned and attempted to run." *Id.* ¶ 12. Officer Colson

---

[1] Defendants note that the proper spelling of Officer Colson's first name is Kurt. *See* Defs.' Mem. 1 n.1.

shot Plaintiff five times and charged him with disarming a police officer and second degree assault. *Id.* ¶¶ 13–14.

On June 23, 2010, Plaintiff was found not guilty of disarming a police officer and guilty of second degree assault. *Id.* ¶ 15. He appealed his conviction, which the Maryland Court of Special Appeals vacated. *Id.* ¶ 16. Plaintiff filed suit in this Court while his second trial was pending. *Id.* ¶ 17. Plaintiff claims that Officer Colson used excessive force in violation of 42 U.S.C. § 1983. *Id.* ¶¶ 18–25. Additionally, Plaintiff claims that Defendants are liable for false imprisonment, false arrest, battery, and violations of the Maryland Declaration of Rights. *Id.* ¶¶ 26–53.

On remand, Plaintiff was convicted again, Pl.'s Opp'n 2 & Ex. 1, ECF No. 10-1. Plaintiff's appeal of the second conviction was pending at the time Plaintiff filed his Opposition. Pl.'s Opp'n 2.

Plaintiff filed his Complaint on September 28, 2012, and had 120 days thereafter to effect service of process. Fed. R. Civ. P. 4(m); Loc. R. 103.8. On May 16, 2013, well over 120 days later, I issued a show cause order, noting that service of process had not been effected on Defendants and ordering Plaintiff to show cause within fourteen days why the case should not be dismissed with prejudice pursuant to Fed. R. Civ. P. 4(m) and Loc. R. 103.8. ECF No. 3. That same day, Plaintiff requested that the summons be reissued, ECF No. 4, and he served both Defendants on May 22, 2013, ECF No. 6-1.

In response to the Show Cause Order, Plaintiff explained that he filed the Complaint on September 28, 2012 because "the limitations period on the claims related to Officer Colson's use of force was about to expire," but he "did not include a civil rights claim based on Plaintiff having been arrested without probable cause" for second degree assault because those charges

"were still unresolved." Pl.'s Resp. to Show Cause Order ¶¶ 4–5, ECF No. 6. Plaintiff stated that he "had not served the Complaint in this matter because he had hoped that the second degree assault charges could be resolved, the Complaint amended, and all of Plaintiff's claims resolved in one case." *Id.* ¶ 8.

Defendants moved to dismiss, contending that "Plaintiff made no attempts to serve the Complaint on Defendants for over seven months," and that Plaintiff "concedes that he made no diligent effort in pursuing his claim in this case for seven months," such that "Plaintiff has not provided good cause for his failure" to effect service of process within 120 days, as Rule 4(m) requires. Defs.' Mot. ¶¶ 3–5. In his Opposition, Plaintiff provided the same rationale for withholding service of process that he provided in response to the Show Cause Order. *See* Pl.'s Opp'n 2. He argues that he does not need to show good cause to effect service of process more than 120 days after filing the Complaint. *Id.* at 2–3. Specifically, Plaintiff insists that the Fourth Circuit's holding in *Mendez v. Elliott*, 45 F.3d 75 (4th Cir. 1995), that "a court does not have discretion in allowing a time extension beyond the 120-day limit, absent a showing of good cause," was based on an erroneous assumption, and that the more recent Supreme Court case of *Henderson v. United States*, 517 U.S. 654 (1996), which the Fourth Circuit has followed in unpublished opinions, permits a court to allow additional time without a showing of good cause. Pl.'s Opp'n 2–3. Plaintiff contends that I should "permit service outside of the 120-day period" because Plaintiff's delay was "an attempt to conserve the resources of the Court and the litigants" by waiting to have the opportunity to amend the Complaint before serving Defendants, and because dismissal "would effectively be with prejudice because the claims would be barred by the applicable statute of limitations." *Id.* at 4–5.

## II.  DISCUSSION

Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(5), Defs.' Mot. 1, which provides that a defendant may assert insufficient service of process by motion as a defense to a claim for relief. "If service is contested, the 'plaintiff bears the burden of establishing the validity . . . pursuant to Rule 4.'" *Shlikas v. SLM Corp.*, No. WDQ-09-2806, 2011 WL 2118843, at *2 (D. Md. May 25, 2011) (quoting *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006)).

In his Response to Show Cause Order and his Opposition to Defendants' Motion to Dismiss, Plaintiff does not show, or even allege, that he served Defendants with process within 120 days of filing his Complaint or that he had good cause for his delay. Rather, as noted, Plaintiff explains that he intentionally refrained from serving Defendants while he awaited the results of his second trial and subsequent appeal. Pl.'s Resp. to Show Cause Order ¶¶ 4–5 & 8; Pl.'s Opp'n 2. Moreover, Plaintiff argues that his untimely service of process should be acceptable under the circumstances, despite the absence of good cause. Pl.'s Opp'n 2–5.

Because Plaintiff did not carry his burden of showing that he effected timely service of process, Rule 4(m) governs the disposition of this case. It provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Good cause "requires a showing that the plaintiff 'made reasonable and diligent efforts to effect service prior to the 120–day limit, which may include a showing that plaintiff's attempts at service were unsuccessful due to a putative defendant's evasion of process.'" *Hai Xu, LLC v. FMS Financial Solutions, LLC*, No. ELH-10-3196, 2011 WL 2144592, at *2 n.3 (D. Md. May

31, 2011) (quoting *Quann v. White-Edgewater*, 112 F.R.D. 649, 659 (D. Md. 1986)). Thus, a court may find good cause "where the plaintiff has 'taken some affirmative action to effectuate service of process upon the defendant or ha[s] been prohibited, through no fault of his own, from taking such an affirmative action.'" *Tenenbaum v. PNC Bank Nat'l Ass'n*, No. DKC-10-2215, 2011 WL 2038550, at *4 (D. Md. May 24, 2011) (quoting *Vincent v. Reynolds Mem'l Hosp., Inc.*, 141 F.R.D. 436, 437 (N.D. W. Va. 1992)). Notably, "[a] plaintiff's failure to seek an extension of time undermines the defense of good cause."[2] *Jonas v. Citibank, N.A.*, 414 F. Supp. 2d 411, 416 (S.D.N.Y. 2006).

Instead of arguing that he had good cause for his delay, Plaintiff relies on the theory that good cause is not necessary for an extension. Pl.'s Opp'n 3. It is true that Rule 4(m) provides that the Court may "order that service be made within a specified time." Fed. R. Civ. P. 4(m). Also, the Advisory Committee's note to Rule 4 explicitly states that Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown*," and that "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action." Fed. R. Civ. P. 4(m) advisory committee's note

---

[2] Plaintiff could have moved for an extension of time pursuant to Fed. R. Civ. P. 6(b)(1), which provides:

> (1) **In General**. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

No good cause was shown for the Court to extend the time before or after it expired. *See* Fed. R. Civ. P. 6(b)(1)(A)–(B).

(1993) (emphasis added). And, the Supreme Court has "stated clearly, albeit in dicta, that 'current Rule 4(m)[] permits a district court to enlarge the time for service "even if there is no good cause shown."'" *Tann v. Fisher*, 276 F.R.D. 190, 195 (D. Md. 2011) (quoting *Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996) (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993))), *aff'd*, 458 F. App'x 268 (4th Cir. 2011). "Additionally, 'other circuit courts have universally determined that courts have discretion to extend the 120–day deadline, even where good cause is lacking.'" *Id.* (quoting *Tenenbaum*, 2011 WL 2038550, at *4).

Yet, as I discussed at length in *Tann*, "[w]hile Rule 4(m) and the Advisory Committee's note discussing it are informative, they still must be construed in concert with the latest published Fourth Circuit opinion to address Rule 4(m), *Mendez v. Elliott*, 45 F.3d 75 (4th Cir. 1995)." *Tann*, 276 F.R.D. at 194. In *Tann*, I noted that the *Mendez* decision, although "in conflict with the express language of the Advisory Committee's note to the 1993 amendment," provided that "'Rule 4(m) requires that if the complaint is not served within 120 days after it is filed, *the complaint must be dismissed absent a showing of good cause*.'" *Id.* at 194–95 (emphasis added in *Tann*) (quoting *Mendez*, 45 F.3d at 78). Also, I observed:

> [S]ome opinions in this Court "regard *Mendez* as binding circuit precedent, while others have concluded that '*Mendez* is no longer good law.'" Yet, this Court "consistently [has] held that, even if good cause is no longer an absolute requirement under Rule 4(m), 'the Court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the Court must give some import to the rule.'"

*Id.* at 195 (quoting *Hai Xu*, 2011 WL 2144592, at *2 (quoting *Hoffman v. Balt. Police Dep't*, 379 F. Supp. 2d 778, 786 (D. Md. 2005))). Because more recent Fourth Circuit opinions on the issue were all unpublished and were "without consistency or definiteness," I concluded that, in recognition of the stare decisis nature" of *Mendez* and the most recent decision in this Court, I had to dismiss Tann's case because he had not "shown good cause for extending the deadline for

effecting service of process." *Id.* at 195–96. The Fourth Circuit, in an unpublished opinion, affirmed *Tann* "for the reasons stated by the magistrate judge."[3] *Tann v. Fisher*, 458 F. App'x 268, 2011 WL 6318570, at *1 (4th Cir. 2011).

Since *Tann*, the Fourth Circuit has not published any opinions addressing the good cause requirement of Rule 4(m). The issue has surfaced repeatedly in this Court, in what has been characterized as a "seemingly never-ending saga concerning whether, in this circuit, a showing of good cause is required to extend the time for service beyond 120 days." *Chen v. Mayor & City Council of Balt.*, 292 F.R.D. 288, 290 (D. Md. Feb. 22, 2013); *see also, e.g.*, *Little v. Estes*, No. WDQ-13-1514, 2013 WL 5945675, at *3 & n.3 (D. Md. Nov. 5, 2013); *Murphy v. Adams*, No. DKC-12-1975, 2013 WL 791191, at *1 n.4 (D. Md. Mar. 1, 2013); *Chihota v. Fulton, Friedman & Gullace, LLP*, No. RDB-11-1273, 2012 WL 1319816, at *2 n.5 (D. Md. Apr. 16, 2012); *Universal Eng'g & Constr. Inc. v. Travelers Cas. & Surety Co. of Am.*, No. WDQ-11-1590, 2011 WL 6019928, at *1–2 (D. Md. Nov. 30, 2011). The most recent analysis appears in *Chen*, 292 F.R.D. 288. There, "despite the apparent avalanche of cases within this circuit that question the validity of *Mendez*," the Court "join[ed] the recent groundswell of cases affirming the import of the good cause requirement announced in *Mendez*." *Id.* at 293. Once again, for the reasons stated in *Tann* and *Chen*, I conclude that *Mendez* still is controlling law, and the doctrine of stare decisis counsels that this case must be dismissed, as Plaintiff has not shown good cause for failing to effect timely service of process.

Even following the line of cases that require only a "reasoned basis" for the Court "to exercise its discretion and excuse the untimely service," *Tann*, 276 F.R.D. at 195 (citations and quotation marks omitted), I could not provide a reasoned basis for excusing Plaintiff's untimely

---

[3] At the time I issued the *Tann* decision, I was a United States Magistrate Judge for this Court.

7

service.  Plaintiff requests that the Court extend the 120-day period for service of process because, in this case, even a dismissal without prejudice will prevent Plaintiff from refiling his case, as the statute of limitations has run.  Pl.'s Opp'n 4–5.  Yet, it is well-established in this Court that the running of the statute of limitations has no bearing on the good cause inquiry.  *See Chen*, 29 F.R.D. at 295; *Tenenbaum*, 2011 WL 2038660, at *5.

Plaintiff also states that he wanted to reduce the burden on the Court by having the opportunity to amend his Complaint prior to service.  Yet, Plaintiff never requested an extension of time on this or any other ground.  *See* Fed. R. Civ. P. 6(b)(1); *Jonas*, 414 F. Supp. 2d at 416. Consequently, the Court incurred the added burden of issuing a show cause order and addressing Defendants' Motion to Dismiss, and the parties spent unnecessary time and resources responding to the show cause order and briefing the pending issue.  Moreover, Rule 15(a)(1) provides for one amendment as a matter of course within twenty-one days after the defendant has served a responsive pleading or, if it precedes a responsive pleading, a motion to dismiss.  Fed. R. Civ. P. 15(a)(1).  Additionally, Rule 15(a)(2) permits a plaintiff to file a motion for leave to amend at a later date and provides that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Thus, Plaintiff's reasoning does not provide a basis for the Court to extend Rule 4(m)'s 120-day period for service of process.  *See Tann*, 276 F.R.D. at 195.

### III.  CONCLUSION

Accordingly, Plaintiff's Complaint must be dismissed.  *See Mendez*, 45 F.3d at 78; *Tann*, 276 F.R.D. at 195; *Chen*, 292 F.R.D. at 293.  Defendants' Motion is GRANTED, and Plaintiff's claim is DISMISSED WITHOUT PREJUDICE.[4]

---

[4] As discussed, the statute of limitations may have run on Plaintiff's claim.  This dismissal without prejudice does not permit Plaintiff "to refile without the consequence of time defenses,

8

A separate order will follow.

Dated: January 3, 2014                                              /S/
                                                                    Paul W. Grimm
                                                                    United States District Judge

lyb

---

such as the statute of limitations." *Mendez*, 45 F.3d at 78. Plaintiff is cautioned that if he "refile[s] his complaint with knowledge that it is time-barred, he . . . may be subject to sanctions under Fed. R. Civ. P. 11." *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528–29 (D. Md. 1999).